**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TRAVIS HODGES, | Case No. 1:18-cv-394 |
| Plaintiff, | Barrett, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Through counsel, Plaintiff filed this Social Security appeal in order to challenge the Commissioner's finding that he is not disabled. *See* 42 U.S.C. S405(g). Currently pending is Defendant's motion for partial dismissal of one claim, or in the alternative, for summary judgment. (Doc. 15). For the reasons that follow, the undersigned recommends granting Defendant's motion.

**I.    Procedural Background**

On May 18, 2015, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging the onset of disability on December 24, 2010. (Tr. 11, 175-187). His applications were denied initially and upon reconsideration; he then requested an evidentiary hearing before an Administrative Law Judge ("ALJ"). (Tr. 112-128). On June 15, 2017, Plaintiff informed the Agency that his lawyer would be requesting a continuance, although no counsel had entered an appearance at that time. (Tr. 165). On June 22, 2017, Plaintiff and his counsel requested a continuance. (Tr. 167-68, 334). However, that request was denied, (Tr. 330), and a hearing was held on July 5, 2017. Plaintiff appeared

at the hearing with counsel and provided testimony. (Tr. 27-57). On December 4, 2017, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 11-21). The Appeals Council denied further review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

Plaintiff initiated a timely appeal of the ALJ's decision in this Court on June 5, 2018, alleging that Defendant's denial of DIB and of SSI benefits "is not supported by substantial evidence and applies an erroneous standard of law." (Doc. 1 at 116). Departing from the typical course of proceedings, however, Plaintiff filed a first amended complaint on August 17, 2018, in order to add a new claim alleging that the administrative law judge ("ALJ") who issued the decision was not properly appointed pursuant to the Appointments Clause of the United States Constitution. On October 1, 2018, this Court granted Defendant's unopposed motion to stay proceedings, directing the Commissioner to follow up with a status report.

In lieu of a status report, Defendant filed a motion for partial dismissal for failure to state a claim under Rule 12(b)(6), or in the alternative, for partial summary judgment. In that motion, Defendant argues that the newly asserted "Appointments Clause" claim has been forfeited or waived by Plaintiff's failure to present that claim to the ALJ during the administrative process. The undersigned stayed briefing on the merits of Plaintiff's more typical claims pending resolution of this threshold constitutional issue.

**II.    Analysis**

    **A. Any Appointments Clause Claim Has Been Waived or Forfeited**

Plaintiff's constitutional challenge to the authority of the ALJ in this case arises from the U.S. Supreme Court's decision *in Lucia v. Securities and Exchange Commission*,

2

138 S. Ct. 2044 (2018). In *Lucia*, an investment company and its owner challenged the authority of an ALJ to impose sanctions. The Securities and Exchange Commission ("SEC") had delegated its authority to the ALJ to preside over an adversarial hearing. The Court held that the appointment of the ALJ by SEC staff members (as opposed to the SEC itself) violated the Appointments Clause of the Constitution, which "lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees. Art. II, § 2 at 2." *Id.*, 138 S. Ct. at 2049; *see also id.* at 2051 (explaining that the Appointments Clause permits appointments of "Officers of the United States" only by "the President, a court of law, or a head of department"). The appropriate remedy for an adjudication tainted with such an Appointments Clause violation is to hold a new hearing before a properly appointed ALJ. *Id.* at 2055.

Because multiple administrative agencies employ administrative law judges, almost immediately after *Lucia* litigants who faced adverse decisions issued by non-SEC ALJs began to present Appointments Clause challenges to federal trial courts. *See generally Article II — Appointments Clause — Officers of the United States — Lucia v. SEC*, 132 Harv. L. Rev. 287, 291 (November 2018) (suggesting that *Lucia* "threatens to alter drastically the workings of other agencies, especially the Social Security Administration (SSA))." However, in the nine months since *Lucia* was decided, such challenges have been consistently rejected in the social security context.

The vast majority of the *Lucia* challenges presented in social security cases have been rebuffed based upon the failure of the social security claimant to raise the Appointments Clause issue to the ALJ at the administrative level. After all, the majority in *Lucia* expressly noted relief was available only to a party "who makes a timely challenge

3

to the constitutional validity of the appointment of an officer who adjudicates his case," and added that Lucia "made just such a timely challenge." *Id.*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-183, 115 S. Ct. 2031 (1995)). In contrast, Plaintiff herein did not present *any* challenge to the constitutional authority of the ALJ to render a decision prior to filing this judicial appeal. Plaintiff had ample opportunity to present such a challenge at the evidentiary hearing before the ALJ.

Based on the reasoning of *Lucia* and related Supreme Court case law, and joining the overwhelming number of courts deciding the same issue, the undersigned concludes that Plaintiff's failure to present his Appointments Clause claim to the Social Security Agency at any point during the administrative proceedings amounted to a wavier or forfeiture of his claim. A constitutional challenge under the Appointments Clause is considered to be "nonjurisdictional," and therefore a party may forfeit its argument by failing to raise it. *See NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795 (8th Cir. 2013) (citing "general rule" of *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868, 878 (1991)); *see also United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they appear in court to raise a nonjurisdictional "defect in the ... appointment" of the official who issued an agency decision); *Elgin v. Dept. of Treasury*, 567 U.S. 1, 23 (2012) (plaintiff was required to exhaust constitutional claim at administrative level before seeking review in federal court).

Plaintiff's primary defense to forfeiture is the argument that the rules of forfeiture and waiver simply do not apply in the social security context. "Mr. Hodges counters that issue exhaustion is not required administratively in claims for Social Security benefits...."

(Doc. 16 at 1-2). As support for that position, Plaintiff relies on *Sims v. Apfel*, 530 U.S. 103, 112 (2000). However, as even Plaintiff concedes, *Sims* held only that a claimant need not exhaust issues at the Appeals Council level prior to judicial review. *Sims* did not address the wholly separate and distinct issue of whether a claimant must raise issues before an ALJ during the administrative process in order to preserve the right to raise those issues in a judicial appeal.

In contrast to Plaintiff's view of *Sims*, the overwhelming consensus of courts faced with the issue post-*Lucia* have concluded that a social security claimant's failure to present an Appointments Clause challenge to the ALJ results in a forfeiture of the claim at the judicial appeal level. By the time Defendant filed its dispositive motion, six district courts in North Carolina, Georgia, Mississippi, Iowa, California, and Tennessee had concluded that Appointments Clause challenges presented for the first time upon judicial review were waived.

In his opposition to Defendant's motion for judgment, Plaintiff protests that the issue is "ever-evolving," pointing to three October 2018 decisions issued by two magistrate judges in the Eastern District of Virginia that permitted plaintiffs to amend their complaints to add new Appointments Clause claims. (Doc. 16 at 4, citing cases). However, in those cases, amendment was conditioned on the fact that issues concerning the waiver of such claims were "only starting to work [their] way through the courts," and that more complete briefing was needed. *See, e.g., Parker v. Berryhill*, 2018 WL 5255233 at *2 (E.D. Va. Oct. 22, 2018). In one case decided after that additional briefing, the court agreed with the clear majority view and held that forfeiture applied to the claim based upon the plaintiff's failure to present it at the administrative level. *See, e.g., Bennett v.*

5

*Berryhill*, 2019 WL 1104186 (Feb. 15, 2019), *adopted at* 2019 WL 1102203 (E.D. Va. Mar 8, 2019).

Plaintiff cites a single case from the Eastern District of Pennsylvania, in which a magistrate judge permitted an Appointments Clause claim to be presented for the first time on judicial appeal, rejecting the Commissioner's forfeiture argument. *See Muhammad v. Berryhill*, Case No. 2:18-cv-172, Doc. 25 (E.D. Pa. Nov. 2, 2018). Since *Muhammad*, no more than a handful of courts have concurred with Plaintiff's position, most notably a recently published Pennsylvania trial court decision. *See Bizarre v. Berryhill*, ___F.Supp.3d___, 2019 WL 1014194 at n.4 (M.D. Pa. Mar. 4, 2019) (citing Muhammad, and rejecting argument that Appointments Clause claim had been forfeited where litigant raised issue at "earliest opportunity" in a federal court).

However, two other magistrate judges from the Southern District of Ohio recently issued Reports and Recommendations holding that waiver applies when an Appointments Clause challenge is not presented to the ALJ at the administrative level. A presiding district judge has adopted one of those R&Rs, adding to this Court's analysis of the issue. *See Willis v. Com'r of Soc. Sec.*, No. 1:18-cv-158, 2018 WL 6381066 at *3 (S.D. Ohio Dec. 6, 2018) (Litkovitz, M.J.)[1] ; *Flack v. Com'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147 at *3 (S.D. Nov. 16, 2018) (Jolson, M.J.), adopted over objections at 2019 WL 1236097 (S.D. Ohio March 18, 2019) (Marbley, J.). Multiple additional courts within the Sixth Circuit similarly have held that a failure to raise the Appointments Clause issue before the ALJ results in forfeiture of the claim upon judicial review. *See, e.g., Fitzgerald v. Berryhill*, 2019 WL 1125666 (W.D. Ky. March 12, 2019) (Silvers, J.); *Axley*

---

[1] Plaintiff filed objections to the R&R, to which the Commissioner has filed a response. At the time this R&R is being filed, those objections remain pending before the presiding district judge.

6

v. Com'r of Soc. Sec., 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019) (Anderson, J.); *Wreede v. Com'r of Soc. Sec.*, 2019 WL 1258901 (N.D. Ohio Jan. 29, 2019) (Knepp, M.J.); *Pugh v. Com'r of Soc. Sec.*, 2018 WL 7572831 (S.D. Mich. Nov. 8, 2018) (Carmody, M.J.); *Page v. Com'r of Soc. Sec.*, 2018 WL 5668850 at *3 (E.D. Mich., Oct. 31, 2018) (Whalen, M.J.), *Faulkner v. Com'r of Soc. Sec.*, 2018 WL 6059403 at *3 (W.D. Tenn. Nov. 19, 2018) (Anderson, J.); *Davidson v. Com'r of Soc. Sec.*, 2018 WL 4680327 at *2 (N.D. Tenn. Sept. 28, 2018) (Crenshaw, J.). Adding to this chorus are dozens of well-reasoned cases from courts in other Circuits. *See, e.g., Catherine v. Berryhill*, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Shipman v. Berryhill*, 2019 WL 281313, at *3 (W.D.N.C. Jan. 22, 2019); *Dierker v. Berryhill*, 2019 WL 246429, at *2-4 (S.D. Cal. Jan. 16, 2019); *A. T. v. Berryhill*, 2019 WL 184103, at *7 (D. Kan. Jan. 14, 2019); *Velasquez v. Berryhill*, 2018 WL 6920457, at **2-3 (E.D. La. Dec. 17, 2018); *Abbington v. Berryhill*, 2018 WL 6571208 (S.D. Ala. Dec. 13, 2018); *Salmeron v. Berryhill*, 2018 WL 4998107 at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Garrison v. Berryhill*, 2018 WL 424554 at *2 (W.D.N.C. Oct. 10, 2018); *Williams v. Berryhill*, 2018 WL 467785 at **2-3 (S.D. Miss. Sept. 28, 2018); *Davis v. Com'r of Soc. Sec.*, 2018 WL 4300505, at **8-9 (N.D. Iowa Sept. 10, 2018); *Trejo v. Berryhill*, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018).

Three district courts - including one within the Sixth Circuit - have published their decisions in order to emphasize their agreement with the "the vast majority of courts that have considered this issue following *Lucia* that exhaustion before an ALJ is required." *Bonita-Burkhan v. Berryhill*, ___F.Supp.3d___, 2019 WL 1007846 at *7 (S.D. N.Y. Mar. 4, 2019) (collecting cases); *Sprouse v. Berryhill*, ___F. Supp.3d ___, 2019 WL 1075601 (D.N.J. Feb. 6, 2019); *Page v. Com'r*, 344 F. Supp.3d 902 (E.D. Mich. Oct. 31,

7

2018). Only one unpublished case within the Sixth Circuit appears to buck the trend in favor of the minority view. *See Fortin v. Com'r*, 2019 WL 421071 at *2 (R&R filed E.D. Mich. Feb. 1, 2019) (holding that forfeiture did not apply, despite acknowledgement that "[t]he Commissioner's forfeiture argument [has been] *overwhelmingly endorsed* by district courts across the country") (emphasis added). Unpersuaded by this minority view, the undersigned accepts the Commissioner's forfeiture argument on the record presented.

### B. Plaintiff's Futility Argument

Faced with the growing weight of case law, Plaintiff argues in the alternative that this Court should excuse his failure to administratively exhaust his Appointments Clause claim because exhaustion would have been futile. In general, administrative exhaustion is not required if an attempt to exhaust would have been futile. *See, e.g., Bethesda Hosp. Assn. v. Bowen*, 485 U.S. 399, 404 (1988).

Plaintiff points out that during the pendency of his claim, the Office of General Counsel issued an Emergency Message to its ALJs, instructing them to either orally state at any hearing or to include in their written decision the following language:

> The claimant [representative] also raised a challenge to the manner in which I was appointed as an administrative law judge under the Appointments Clause to the Constitution. I do not have the authority to rule on that challenge and do not address it further in this decision[/dismissal].

Soc. Sec. Admin., EM-18003 REV, effective June 25, 2018, Important Information Regarding Possible Challenges to the appointment of Administrative Law Judges in SSA's Administrative Process.[2]

---

[2] EM-18003 was originally issued on January 30, 2018, as a result of split decisions among the Circuits prior to the Supreme Court's resolution of *Lucia*. *See Murphy v. Berryhill*, 2019 1140235 at *16 n. 12 (N.D. Iowa March 12, 2019) (rejecting same futility argument based on issuance of EM-18003).

8

However, in both *Willis* and *Flack*, this Court rejected a virtually identical futility argument, noting that "regardless of the [Emergency Message], [claimant] still could have raised her Appointments Clause challenge before the ALJ." *Willis*, 2018 WL 6381066 at *4; citing *Flack*, 2018 WL 6011147 at *4. In adopting the R&R in *Flack*, Judge Marbley reiterated that refrain:

> The emergency message did nothing to bar Plaintiff from raising her challenge and preserving it for judicial review. Regardless of what the message dictated or prohibited, Plaintiff still could have raised her Appointments Clause challenge before the ALJ for the purpose of preserving the issue for later review.... Therefore, the emergency message issued by the SSA did not render Plaintiff's Appointment[s] Clause challenge futile.

*Id.*, 2019 WL 1236097 at *3; *accord Stearns v. Berryhill*, 2018 WL 4380984 at **4-5 (N.D. Iowa Sept. 14, 2018) (rejecting contention that emergency message demonstrated futility of presenting claim to ALJ).

Although Plaintiff herein does not cite to either Sixth Circuit or Supreme Court case law to support his futility argument, the undersigned also finds persuasive the Commissioner's position, (Doc. 16 at 6-8), that a handful of cases on which others have relied are distinguishable. *See generally, Willis, supra,* at *3 (distinguishing *Jones Bros., Inc. v. Sec'y of Labor, Mine Safety, and Health Admin.*, 898 F.3d 669 (6th Cir. 2018)); *see also Flack*, 2018 WL 6011147 at *3; *Bonila-Bukhari v. Berryhill*, 2019 WL 1007846 at **8-9 (distinguishing social security cases from the type of "rare case" presented in *Freytag*, 501 U.S. 868, in which forfeiture of an issue before the Tax Court was excused). The undersigned therefore finds Plaintiff's failure to exhaust should not be excused and recommends dismissal of Plaintiff's Appointments Clause claim as untimely presented.

Notwithstanding the conclusion that the Appointments Clause issue should not be addressed due to the Plaintiff's forfeiture of his claim, it is worth noting that the underlying

issue - whether the Appointments Clause would apply to Social Security ALJs - remains unsettled on the merits. A Michigan court recently rejected the position of another social security plaintiff that a later emergency memo (August 2018), in which the Social Security Agency ratified and/or reappointed all of its ALJs, constituted an admission by the Agency that Lucia applies and renders all prior ALJ decisions unconstitutional. *Gothard v. Com'r of Soc. Sec.*, 2018 WL 7254254 at *32019 WL 396785, at *3 (E.D. Mich., Jan 31, 2019) (overruling objections and adopting R&R); *see also id.* at 15 (noting that aside from having forfeited the Appointments Clause claim, the plaintiff's "cursory argument gives no reasons why the Appointments Clause applies…, i.e., why the logic of *Lucia* and *Jones Bros.* - neither of which addressed Social Security ALJs - extends to this context.").

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Defendant's motion for partial dismissal or for summary judgment on the Appointments Clause claim (Doc. 15) be **GRANTED** and that Plaintiff's Appointments Clause claim, concerning the constitutional authority of the ALJ to render a decision, be **DENIED AND DISMISSED**. By separate Order filed herewith, the undersigned directs the parties to complete briefing on all remaining claims.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TRAVIS HODGES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:18-cv-394

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).